May Term,
1853.

Burton
v.
Cochran.

---

## Burton *v.* Cochran and Another.

Assumpsit by the assignees of an accepted bill of exchange against the acceptors. Pleas, the general issue, fraud, and want of consideration. General demurrers to the pleas of fraud and want of consideration. The entry following upon the record was—the cause is submitted to the Court for trial without the intervention of a jury, and, the evidence being heard, &c., the Court find for the plaintiffs, &c. *Held*, that it must be presumed that the issues of law and fact were submitted together to the Court for trial, and that they all were found for the plaintiffs.

Where the general issue and special pleas are filed to the action, and the defence set up in the special pleas is admissible under the general issue, it is immaterial whether a demurrer to the special pleas is sustained or overruled.

ERROR to the *Vigo* Circuit Court.

*Per Curiam.*—Assumpsit by the assignees of an accepted bill of exchange against the acceptors. Pleas, the general issue, fraud, and want of consideration. General demurrers to the pleas of fraud and want of consideration.

*Wednesday,*
*June 15.*

May Term,
1853.

The entry following upon the record is, that, by the agreement of the parties, the cause is submitted to the Court for trial, without the intervention of a jury, and, the evidence being heard, &c., the Court find for the plaintiffs, &c.

It is insisted upon for error that there was a final judgment for the plaintiffs while issues of law remained undisposed of. But upon the record it must be taken that the issues of law and fact were submitted together to the Court for trial, and that they were all found for the plaintiffs below. And we may remark, that it is immaterial whether the issues of law were decided rightly or not, as the matter of defence set up in the pleas, if available at all in the case, was admissible in evidence under the general issue.

The evidence given in the cause under the general issue is not upon the record.

The judgment below is affirmed with 5 per cent. damages and costs.

*J. P. Usher*, for the plaintiff.